IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DANUTA Z. ROBERTS                                          PLAINTIFF

vs.                          Civil No. 4:13-cv-04026

CAROLYN W. COLVIN                                          DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

　　　　Danuta Z. Roberts ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her application for a

period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.  The Parties

have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this

case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-

judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum

opinion and orders the entry of a final judgment in this matter.

## 1.   Background:

　　　　Plaintiff protectively filed her disability application on June 1, 2010.  (Tr. 11, 108-114).

Plaintiff alleges being disabled due to back problems.  (Tr. 165).  Plaintiff alleges an onset date of

April 16, 2009. (Tr. 11).  This application was denied initially and again upon reconsideration.  (Tr.

48-49).  Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing

request was granted.  (Tr. 58-67).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. __."  The
transcript pages for this case are referenced by the designation "Tr."

On August 31, 2011, this hearing was held in Texarkana, Arkansas. (Tr. 23-47). Plaintiff was present at this hearing and was represented by counsel. *Id.* Plaintiff and Vocational Expert ("VE") Jerry Hildrey testified at this hearing. *Id.* During this hearing, Plaintiff testified she was sixty-three (63) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 404.1563(e) (2008). (Tr. 26). Plaintiff also testified she graduated from high school and had attended some college. (Tr. 26-28).

After this hearing, on January 25, 2012, the ALJ entered an unfavorable decision denying Plaintiff's disability application. (Tr. 8-18). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through March 31, 2014. (Tr. 13, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 16, 2009, her alleged onset date. (Tr. 13, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease with back pain and mild sensory neuropathy of the left lower extremity. (Tr. 13, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13-14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's RFC. (Tr. 14-17, Finding 5). In making this determination, the ALJ first evaluated Plaintiff's subjective allegations and determined they were not credible to the extent she alleged. *Id.* Then, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except only occasionally stoop and crouch.

*Id.* "Light work" includes the following:

2

(b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b) (2012).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff had PRW as a convenience store clerk.  (Tr. 17-18, Finding 6).  Considering her RFC, the ALJ determined Plaintiff retained the capacity to perform this PRW.  *Id.*  Because Plaintiff retained the capacity to perform this PRW, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from April 16, 2009 through the date of his decision or through January 25, 2012. (Tr. 18, Finding 7).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision.  (Tr. 6-7).  On January 14, 2013, the Appeals Council denied this request for review.  (Tr. 1-3).  On March 15, 2013, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on March 18, 2013.  ECF No. 5.  Both Parties have filed appeal briefs. ECF Nos. 8-9.  This case is now ready for decision.

## 2. <u>Applicable Law:</u>

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.**   **Discussion:**

In her appeal brief, Plaintiff raises the following four arguments for reversal: (A) the ALJ erred in finding her impairments did not meet the requirements of Listings 1.00, 1.02, and 1.04(C); (B) the ALJ erred in discrediting her treating physician's objective findings and limitations; (C)the ALJ failed to properly assess her chronic pain; and (D) the ALJ erred by failing to present a hypothetical to the VE. ECF No. 8. The Court will address each of these arguments.

**A.**   **Listings 1.00, 1.02, and 1.04(C)**

Plaintiff claims the ALJ erred by finding her impairments did not meet the requirements of Listings 1.00, 1.02, and 1.04(C). ECF No. 8 at 10-13. In making this argument, Plaintiff references these listings but does not provide any medical support for her claim. *Id.* Plaintiff has the burden of demonstrating each one of the requirements of a given listing is met. *See Johnson v. Barnhart,* 390 F.3d 1067, 1070 (8th Cir. 2004) (holding "[t]he burden of proof is on the plaintiff to establish that his or her impairment meets or equals a listing").

Here, Plaintiff has not demonstrated how her impairments meet each one of the requirements of these listings. ECF No. 8 at 10-13. Indeed, Listing 1.00 is not even a separate listing but is an

introductory section; thus, Plaintiff's impairments could not possibly meet the requirements of Listing 1.00.  Accordingly, the Court will not address this issue further.  *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (summarily rejecting appellant's conclusory assertion that the ALJ failed to consider whether he met certain listings where the appellant provided no analysis of the relevant law or facts).

**B.     Treating Physician**

Plaintiff claims the ALJ erred in considering the findings of her treating physician, Dr. Alan Fox, M.D.  ECF No. 8 at 13-16.  Plaintiff does not provide which of Dr. Fox's findings support her claims.  *Id.*  Indeed, the findings which Plaintiff references in her briefing support the ALJ's RFC determination that Plaintiff can perform light work (*e.g.,* lift 11 to 20 pounds up to 1/3 of the day). *Id.*

The Court has reviewed Dr. Fox's findings.  Specifically, on December 8, 2010, Dr. Fox completed an RFC checklist form stating Plaintiff's limitations.  (Tr. 343-347).  In this opinion, Dr. Fox found Plaintiff was restricted to light work with a few additional limitations.  *Id.*  In his opinion, the ALJ considered Dr. Fox's findings and accepted most of those findings as credible.  (Tr. 16). Indeed, the ALJ only discounted those limitations which were not supported by the objective medical records.  *Id.*  For instance, the ALJ discounted Dr. Fox's finding that Plaintiff could do "no more than occasional climbing, kneeling, and crawling" because they were not supported by the objective medical evidence in the record.  *Id.*  Accordingly, since the ALJ largely adopted Dr. Fox's findings, the Court finds no basis for reversal on this issue.

**C.     Chronic Pain**

Plaintiff claims the ALJ did not properly consider her subjective complaints of disabling pain.  ECF No. 8 at 16-17.  In briefing this issue, Plaintiff only references a social security

regulation, the ALJ's findings on this issue, and then states she "subsequently developed peripheral neuropathy" and has "shown no improvement and remains severely limited according to her physicians." *Id.* Plaintiff does not provide any additional argument on this issue or address how the ALJ erred in assessing her subjective complaints. *Id.* The Court has reviewed the ALJ's analysis of Plaintiff's subjective complaints in this matter, and without further direction from Plaintiff, finds no basis for reversal on this issue.

### D.    Hypothetical to the VE

Plaintiff claims the ALJ erred by failing to present a hypothetical to the VE. ECF No. 8 at 17-19. With this argument, Plaintiff indicates the ALJ improperly relied upon the Medical-Vocational Guidelines at Step Five of the Analysis instead of hearing testimony from the VE. *Id.* Despite Plaintiff's claim, this case was a Step Four case. (Tr. 17-18, Finding 6). The ALJ did not reach Step Five and did not rely upon the testimony of the VE. Furthermore, the testimony of a vocational expert is not required at Step Four of the Analysis. *See Miles v. Barnhart,* 374 F.3d 694, 700 (8th Cir. 2004) (recognizing testimony from a VE is not required at Step Four). Thus, the Court finds no basis for reversal on this issue.

### 4.    Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 20th day of February 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE